UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x Index No.: 08-CV-3408 (CPS) (CLP)
ROWLAND GUREJE,

                                                        **AMENDED COMPLAINT**

                     Plaintiff,

                                                    **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK,
P.O. ARMANDO URBINA of the 81st Precinct,
and Officer MICHELE ANTONIATO &
Lieutenant JASON LIZIO of the 113th Precinct,

                                           Defendants.
------------------------------------------------------------x

     Rowland Gureje, by his attorney, Chidi Eze, Esq., complaining of The City of New York, Police Officer Armando Urbina of the 81st Precinct, Police Officer Michele Antoniato & Lieutenant Jason Lizio of the 113th Precinct, upon information and belief, alleges as follows:

## JURISDICTION

    1.   This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

    2.   Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color

of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3.  Venue is proper because the acts complained of herein occurred in Brooklyn and Queens, New York, which are both in the Eastern District of New York.

## PARTIES

4.  During all times relevant and material to this Complaint, Plaintiff was, and still is, a legal resident of the United States, residing in Queens, City & State of New York.

5.  During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6.  During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the 81st and 113rd Precincts.

7.  During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions. Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

**FACTS COMMON TO ALL CAUSES OF ACTION**

8. The first incident that gave rise to this Complaint occurred on June 20, 2007, at approximately 2:00 p. m., at the premises of NYPD's 81st Precinct on 30 Ralph Avenue, in Brooklyn, County of Kings, City and State of New York.

9. On the afternoon of June 20, 2007, at approximately 2:00 p.m., plaintiff went to the 81st Precinct to visit an individual that was held in that Precinct, and upon getting to the precinct, defendant P.O. Urbina arrested and imprisoned plaintiff without probably cause. Plaintiff was later charged with Forgery and criminal possession of a forged instrument.

10. Upon information and belief, the allegation against plaintiff was that he supplied a forged Florida temporary License Plate to the individual he came to visit held at the Precinct or that he acted in concert with said individual. Notwithstanding protestations of innocence, absolute lack of evidence and an explanation that plaintiff is not a car dealer and could not have supplied such instrument, the officers proceeded to arrest, imprison and charge him with the offenses.

11. Plaintiff was later conveyed to Kings County Central booking and on June 21, 2007 at approximately 4:30pm., plaintiff appeared before a Judge and was released on his own recognizance. On this occasion, plaintiff was imprisoned for approximately 26 hours without probably cause. Plaintiff was thereafter prosecuted for said offenses until April 29, 2008 when all charges against him were dismissed.

12. The second incident that gave rise to this Complaint occurred on May 19, 2008, at approximately 4:00 p. m., at the premises of NYPD's 113th Precinct on 167-02 Baisley Boulevard, Jamaica, NY 11434, City and State of New York. On that date and time,

        plaintiff was at 133th Precinct to visit a prisoner, however upon getting there by taxi, he was arrested and imprisoned for allegedly driving with a suspended license.

13. Notwithstanding explaining that he did not even drive to the precinct, the defendant officers, Antoniato and Lizio, arrested and handcuffed him. Plaintiff was imprisoned and later taken to Queens County Central booking where he was released without seeing a Judge at approximately 3:00a.m. on May 20, 2008. Thus, on the second occasion, plaintiff was held for approximately 9 hours without probable cause.

14. Plaintiff has been damaged by the actions of the City of New York and its agents, was made to endure the degrading bodily cavity search, was arrested and detained for over 35 hours in total without probable cause, was charged and prosecuted without reason to believe that he committed an offense, suffered and continues to suffer mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent

15. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

## AND AS FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats and re-alleges paragraphs 1 through 15 as if each paragraph is repeated verbatim herein.

17. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for his constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to him under the Fourth and Fourteenth Amendments to the Constitution, and his right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments. By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

18. As a result of the seizure of his person, Plaintiff was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats and re-alleges paragraphs 1 through 18 as if each paragraph is repeated verbatim herein.

20. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff

      for approximately 35 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

21. Plaintiff was denied his freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of his rights under State and Common Law and for his emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for his Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. In violation of 42 U.S.C. §1983 [and §1985], Article 1 Section 12 of the New York State Constitution and Common Law, the Defendants, acting under color of State authority, maliciously prosecuted Plaintiff without probable cause to believe that he committed a crime, without any legal justification, and with malice and intentional disregard for his rights.

24. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of these rights. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A FOURTH CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. The defendants intentionally and or negligently inflicted emotional and mental distress upon plaintiff when they falsely arrested, imprisoned and prosecuted him in violation of these laws.

## AND AS FOR A FIFTH CAUSE OF ACTION

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each paragraph is repeated verbatim herein.

28. The defendant police officers were acting as agents of the City of New York when they arrested and detained Plaintiff without probable cause and maliciously prosecuted him. Therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First, Second, Third and Fourth Causes of Action.

29. Plaintiff claims compensatory damages in the amount of $2,000,000 for the violation of these rights, resulting in emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A SIXTH CAUSE OF ACTION

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights in Plaintiff's First, Second, Third and Fourth Causes of Action were carried out

under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
December 10, 2008

By: _____
CHIDI EZE (CE-4333)
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800

8